IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAN CHILCOTT, | ) | |
| Plaintiff | ) | C.A. No. 12-142 Erie |
| | ) | |
| v. | ) | |
| | ) | **District Judge Cohill** |
| CITY OF ERIE, et al., | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that:

1. The motion to dismiss filed by Defendant Judge Domitrovich [ECF No. 13] be granted; and

2. The motion to dismiss filed by Defendant City of Erie [ECF No. 16] be granted.

### II. REPORT

#### A. Relevant Procedural and Factual History

On June 25, 2012, Plaintiff Shan Chilcott, an inmate incarcerated at the Erie County Prison in Erie, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the City of Erie ("Erie") and Judge Domitrovich of the Erie County Court of Common Pleas. Plaintiff alleges that, in July 2010, City of Erie police officers conducted a warrantless search of his house and seized twelve rifles. As a result, Plaintiff claims that Defendants violated his rights under the second, fourth, and fourteenth amendments to the United States Constitution. As relief for his claims, Plaintiff seeks to have his rifles returned "to be made whole." (ECF No.

1

6, Complaint, at Section VI).

On October 12, 2012, Defendant Judge Domitrovich filed a motion to dismiss [ECF No. 14], arguing that Plaintiff has failed to state any claim against her, and that any claim that could be brought against her is barred by the doctrine of absolute judicial immunity and/or Eleventh Amendment immunity. Defendant Erie filed its own motion to dismiss on October 29, 2012 [ECF No. 16], arguing, *inter alia*, that Plaintiff's claims against it are not cognizable because they are based on the doctrine of *respondeat superior*. Plaintiff has filed a response to Defendant Judge Domitrovich's motion [ECF No. 15], but has failed to file a timely response to Defendant Erie's motion, despite having been granted additional time to do so. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d

126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

## 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C. Discussion
### 1. Defendant Judge Domitrovich

Defendant Judge Domitrovich argues that Plaintiff's Complaint "does not set forth even threadbare recitals, but rather is completely devoid of any and all factual averments with regard to the Judicial Defendant's involvement in this case." (ECF No. 14, Brief, at p. 2). Defendant Judge Domitrovich argues further that "Plaintiff has failed to plead any factual content that would allow this Court to draw the reasonable inference that the Judicial Defendant is liable for any misconduct, and the facts pleaded do not allow the Court to infer even a mere possibility of misconduct." (Id.). The Court agrees.

The sum and substance of Plaintiff's factual allegations are contained in one rambling run-on sentence: "Erie Police came to house at 704 East 8th they detained me outside while they searched house no warrant or cause they took 12 rifles." (ECF No. 6, Complaint, at Section IV.C). There is no mention of Judge Domitrovich anywhere in the body of the complaint, and no indication of the actions she is alleged to have taken, or not taken, in violation of Plaintiff's constitutional rights. In short, as to Defendant Judge Domitrovich, there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Accordingly, Plaintiff's purported claims against Defendant Judge Domitrovich should be dismissed, and said Defendant should be terminated from this case.[1]

### 2. **Defendant Erie**

Defendant Erie asserts that Plaintiff's claims against it are not cognizable and should be dismissed because they are based on the doctrine of *respondeat superior*. The Court agrees.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has not so much as alleged the existence of a policy or custom that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged illegal search and seizure of Plaintiff's rifles. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of

---

[1] Since the Court has determined that Plaintiff's purported claims against Defendant Judge Domitrovich are facially invalid, there is no need or ability to address Defendant's immunity arguments.

a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state viable municipal liability claims against Defendant Erie and the same should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motions to dismiss filed by Defendant Judge Domitrovich [ECF No. 13] and Defendant Erie [ECF No. 16] be granted, and that this case be dismissed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

      /s/ Susan Paradise Baxter
      SUSAN PARADISE BAXTER
      United States Magistrate Judge

Dated: February 20, 2013

cc:    The Honorable Maurice B Cohill
       United States District Judge